ÁNGEL SIERRA SERPA, demandante, *v.* MANUEL MARTÍNEZ ET AL., demandados.

*Número:* CT-92-344          *Resuelto:* 5 de febrero de 1993

*Carlos V. García Gutiérrez* y *Guillermo J. Ramos Luna*, abogados del demandante; *Anabelle Rodríguez, Procuradora General*, y *Carlos Lugo Fiol, Procurador General Auxiliar*, abogados del demandado.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Ángel Manuel Sierra Serpa, confinado que cumplía una sentencia por delito grave, fue sometido el 12 de enero de 1988 a una prueba de orina que reveló un resultado positivo de uso de marihuana. Fue reclasificado y remitido a una institución de mayor restricción con la correspondiente pérdida de privilegios. Impugnó el procedimiento por la vía administrativa hasta los tribunales en los que prevaleció, ordenándose su restitución al anterior *status*, con todos los privilegios.

El 12 de septiembre de 1989 salió de prisión en libertad a prueba. Posteriormente, el 11 de septiembre de 1990, instó una acción de daños y perjuicios contra los que ejercían su custodia, por violación de sus derechos civiles ante la Corte de Distrito de Estados Unidos para el Distrito de Puerto Rico. Subsiguientemente, dicho foro desestimó la demanda por prescripción. Resolvió que el Art. 40(3) del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 254(3) —que provee una suspensión del estatuto de prescripción para proteger a reclusos en instituciones carcelarias— perdió toda eficacia y vigencia, y fue implícitamente derogado al desaparecer del Código Penal de 1974 los Arts. 20, 21 y 22 del Código Penal de 1902, Leyes de Puerto Rico, pág. 524, que establecían, imponían y regulaban la pena de interdicción civil o suspensión de los derechos civiles.

No conforme, Sierra Serpa apeló a la Corte de Apelaciones de Estados Unidos para el Primer Circuito, la cual nos

ha certificado la interrogante de derecho siguiente: "¿Excluye el Art. 40 del Código de Enjuicimiento Civil de 1933 del cómputo del término prescriptivo aplicable a una causa de acción el tiempo durante el cual una parte estuvo '[e]ncarcelada por acusación criminal', si bajo el estado de derecho anterior dicha parte hubiera sido sometida a la pérdida de sus derechos civiles conforme a lo dispuesto en el Art. 20 del Código Penal de 1937" (Traducción nuestra.)([1])

## I

■ El Código Penal de 1902 imponía así la interdicción civil como castigo accesorio a la sentencia de presidio:

Art. 20. —Toda sentencia de presidio temporal lleva aparejada la suspensión de los derechos civiles del sentenciado, con más la pérdida de empleos públicos y cargos privados de confianza, autoridad, ó poder mientras dure dicha prisión.

Art. 21[.] —La sentencia de presidio perpetuo lleva aparejada la muerte civil del sentenciado.

Art. 22. —Las disposiciones de los dos últimos artículos no deberán entenderse en el sentido de incapacitar á las personas mencionadas en ellos para servir de testigo en alguna causa ó procedimiento criminal, ó para efectuar ó reconocer alguna venta ó traspaso de bienes. Leyes de Puerto Rico, pág. 524.

■ Concordante con dicho estatuto penal, el Art. 40 de nuestro Código de Enjuiciamiento Civil, *supra*, proveía protección a distintos incapacitados contra los efectos de la prescripción del modo siguiente:

Si la persona con derecho a ejercitar una acción, que no sea la

---

([1]) En el idioma inglés dispone:

"Does Article 40 (3) of the Code of Civil Procedure of 1933 exclude from the applicable limitations period the time during which a party is '[i]mprisoned on a criminal charge,' if that party would formerly have been subjected to the suspension of his civil rights pursuant to Article 20 of the Penal Code of 1937?" Certification to the Supreme Court of Puerto Rico from the United States Court of Appeals for the First Circuit Núm. 91-2062, pág. 10.

reinvindicatoria de propiedad inmueble, fuese al tiempo de nacer la causa de acción:
   (1) menor de edad; o
   (2) demente; o
   (3) *encarcelada por acusación criminal, o cumpliendo sentencia por convicción en causa criminal por un término menor que el de su vida natural*; o
   (4) una mujer casada siendo su esposo parte necesaria con ella para principiar tal acción, el tiempo que dure tal incapacidad no se considerará parte del tiempo fijado para empezar a ejercitar la acción. (Énfasis suplido.)

■ La cuestión de si la derogación de la interdicción civil por el Código Penal de 1974 conllevó la derogación tácita del concordante transcrito inciso (3) del Art. 40, *supra*, fue adjudicada por analogía en *Rodríguez Candelario v. Rivera Vega*, 123 D.P.R. 206 (1989). Allí la esposa instó una demanda de divorcio fundada en la segunda causal del Art. 96 del Código Civil, 31 L.P.R.A. sec. 321(2), por haber sido su cónyuge condenado por delito grave que aparejaba la pérdida de los derechos civiles. Resolvimos que "[e]liminada la arquitectura externa del Código Penal, en la que se cimentaba la causal en controversia, no es posible atribuirle, por ficción, vida independiente en el Código Civil. Se impone, por lo tanto, la conclusión de que con la aprobación del Código Penal de 1974 y la consiguiente derogación de los Arts. 20 y 21 de dicho ordenamiento, ya no es posible recurrir al Art. 96(2) del Código Civil, *supra*, como causal de divorcio". *Rodríguez Candelario v. Rivera Vega*, supra, págs. 212–213.

■ Fundamentados en el mismo razonamiento, sostenemos ahora que la extinción de la pérdida de derechos civiles al aprobarse el Código Penal de 1974 produjo la derogación tácita del Art. 40(3) del Código de Enjuiciamiento Civil, *supra*, que excluía del tiempo fijado para ejercitar la acción el término de incapacidad por reclusión en la cárcel. De otro modo se crearía para el litigante potencial preso un privilegio o excepción a la regla de prescripción, no dispo-

nible para el que no delinque, lo cual es incompatible con la política pública de igualdad ante la ley. La interpretación de las leyes debe evadir resultados absurdos. *Díaz Marín v. Mun. de San Juan*, 117 D.P.R. 334, 342 (1986).

■ Eliminada y desterrada la sanción de suspensión de los derechos civiles de aquellos convictos encarcelados en ejecución de sentencia en causa criminal, la disposición del Código de Enjuiciamiento Civil citada se derrumbó por falta de fundamento concordante. Más que derogación implícita, estamos ante un colapso total de la disposición adjetiva desprovista de fundamento sustantivo: abolida la pena de pérdida o suspensión de los derechos civiles, se perdió la virtud remediadora. A fin de cuentas, como dijimos en *Márquez v. Tribl. Superior*, 85 D.P.R. 559, 562 (1962), "[e]l propósito de la excepción contenida en el ... Artículo 40 es proteger los intereses de los incapaces hasta el momento en que adquieren la capacidad jurídica necesaria para hacer valer sus derechos".

*Se dictará sentencia certificando en la negativa la pregunta de la Corte de Apelaciones para el Primer Circuito.*